IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA, *ET AL.*                                              PLAINTIFFS

VERSUS                                              CIVIL ACTION NO. 1:07cv94WJG-JMR

ASHBRITT, INC., *ET AL.*                                                            DEFENDANTS

<u>O R D E R</u>

THIS CAUSE comes before the Court on the motion [72] of the plaintiff, The United

States of America [United States],  to prohibit Defendants' solicitation of releases from members

of the prospective class with incomplete and/or misleading information.

Following Hurricane Katrina, the United States Army Corps of Engineers [Corps] entered

into a contract with AshBritt, Inc. [AshBritt], to collect and dispose of hurricane debris in south

Mississippi.  Ashbritt subcontracted most of the work to 800 subcontractors [subs].  Upon

invoice for work performed, Ashbritt paid 90% of the invoices and retained 10% to be paid later.

In this case, Plaintiff alleges that AshBritt mailed a letter to each of the 800 subs allegedly

indicating that the retainage would be paid if the subs submitted a full release of liability.

Several of the subs signed the releases and were paid the retainage, however, no additional

consideration was paid for the release.  The letters were incomplete and misleading, according to

Plaintiff, because the letters failed to inform the subs of the pending class action lawsuit which

presented a chance to recover retainage and additional damages.  Plaintiff contends that the

letters were misleading because the letters provided that the subs had to sign a full release of

liability to be paid the retainage.  Plaintiff  further contends it was improper to require a full

release of liability without consideration and for failing to advise the subs that in signing the release they may be waiving other remedies available in the class action suit.

Plaintiff seeks an order which requires any further solicitations to include a statement which advises the sub of this lawsuit and the remedies sought in this suit; the fact that signing the release may impair the ability of the sub to participate in this lawsuit; and contact information for Plaintiff's counsel in this suit.  (Ct. R., Doc. 72, p. 3.)  The undated letter which AshBritt sent to the subs informed them that AshBritt was trying to resolve issues to allow for payment for work completed under contract and gave the companies an email address, physical address, and telephone number to contact AshBritt.  (Ct. R., Doc. 74-2, Exh. A.)  In addition, the letter provides that the subs should submit retainage information and "required release forms" to procure payment on the accounts.  (*Id*.)  A release of lien and indemnity agreement was sent with the letter to the subs and the release applied to AshBritt, the Corps, and Federal Insurance Company.  (*Id*., p. 2.)

A subsequent letter, again undated, was sent to H & R Waste Removal [H & R], and provided that a check had been prepared in full and final payment for work related to Hurricane Katrina, which check was being held in escrow by AshBritt's counsel, Jose A. Loredo.  The letter went on to state that once H & R returned the executed  "Final Lien Release" to Loredo, whose mailing address was included in the letter, Loredo would release the check immediately to H & R.[1]  (Ct. R., Doc. 74-2, Exh. B.)  A portion of the contract between one of the subs, Oreo Debris, Inc.,  and AshBritt was submitted.  (*Id*., Exh. C.)  The contract appears to provide as follows regarding the retainage:

---

[1]Apparently, similar letters were sent to other subs.

> Contractor shall retain 10% from each payment made herein and upon final
> funding, release by the Owner, and full and final release from Subcontractor,
> Contractor shall then disburse the retained sums.

(*Id*., p. 8.)

According to AshBritt, the release is necessary to comply with the lien release provision contained in the subcontract.  (Ct. R., Doc. 80, p. 3.)  AshBritt asserts that the first letters were mailed to the subs over one year ago, but no complaint was made by Plaintiff until sixteen months after the mailings.  (*Id.*)  AshBritt also asserts that, at the present time, it has no intention of sending the subs a subsequent mass mailing, obviating the necessity of the order sought in this motion.  (*Id*., p. 4.)  AshBritt contends that it has a right to communicate with the subs to offer settlement.  (*Id*.)

AshBritt maintains that as class has not been certified, that Plaintiff's request for Ashbritt to advise the subs of Plaintiff's counsel's name is overreaching.  (*Id*., p. 8.)  AshBritt contends that including counsel's contact information would "end run" an order entered in this cause prohibiting Plaintiffs' counsel from using the subs names to solicit representation until a class action has been certified in this case.  (*Id*., p. 9.)

Finally, AshBritt asserts that requiring counsel in Florida to be admitted *pro hac vice* is unnecessary in this case.  (*Id*., pp. 9-10.)  This arrangement is not necessary to insure AshBritt's compliance with court orders or rules, according to AshBritt.  (*Id*, p. 10.)

The possibility of abuses in a potential class action lawsuit is the chief reason a district court may enter an order in a class action suit to govern the conduct of counsel and parties to the suit.  *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 99 (1981).  Communications which are misleading or misrepresent the status or effect of a pending class action suit have been found to have a potential for confusion or to adversely affect the administration of justice may be prohibited by the court.

*Gulf Oil*, 452 U.S. at 99.   In issuing an order the district court must give "explicit consideration to the narrowest possible relief which would protect the respective parties."  *Gulf Oil*, 452 U.S. at 102.

The court must determine whether the letter sent in this case constitutes the type of misleading communications justifying intervention by the Court.  The communications at issue in this case are "grounded in the economic interests of the speaker and the audience."  *See Kleiner v. First Nat'l Bank of Atlanta*, 751 F.2d 1193 (11th Cir. 1985).  An order which limits this type of commercial speech is appropriate if "grounded in good cause and issued with a 'heightened sensitivity" for First Amendment concerns."  *Kleiner*, 751 F.2d at 1203.

Good cause is determined by examining four factors which include the "severity and likelihood of the perceived harm; the precision with which the order is drawn; the availability of a less onerous alternative; and the duration of the order."  *United States Postal Serv. v. Athena Products, Ltd.*, 654 F.2d 362, 367-8 (5th Cir. 1981), *cert. denied* 456 U.S. 915 (1982).  In this case, those companies which are targeted for the settlement letter leaves them vulnerable to coercion, as AshBritt is the main contractor and the companies are sub-contractors, dependent upon the main contractor for their payment for the work performed.  This companies may believe that a quick resolution is in their best interest, because the defendant in this case is the company owing these companies money for worked performed almost three years ago.  These companies may decide that joining a class action lawsuit against AshBritt would go against their best interests.  This undermines the goals of Rule 23, and indicates that further communication should be prohibited.

The Court must strike a balance between protecting potential class members from making decisions based on one-sided information from the defendant and refraining from interfering with

any on-going business relationship between the parties.  This factor would maintain a business relationship between the parties, while curtailing communication regarding the subject matter of this lawsuit.

Once a lawsuit is conditionally certified as a class action and the Court requires notice be given potential class members, information regarding the action will be filtered through the "impartial and open medium of court supervised notice."  This eliminates the potential for influencing class members with one-sided information.  A defendant, however, has the right to communicate settlement offers directly to putative class members.  *Bublitz v. E.I. duPont*, 196 F.R.D. 545, 548 (S.D. Iowa 2000).

The letters in question in this case offer the full amount of the retainage for each sub.  The letter does not mention the instant lawsuit.  In this case, however, AshBritt has stated that no further letters will be sent to the subs in this case.  The Court, therefore, concludes that there is no reason to issue an order prohibiting contact with the subs in this case.  For this reason, the Court further concludes that the motion to prohibit solicitation should be denied.  It is, therefore,

ORDERED AND ADJUDGED that the motion [72] to prohibit solicitation be, and is hereby, denied.  It is further,

ORDERED AND ADJUDGED that the parties bear their respective costs associated with this motion.

DATED this the 24th day of October, 2008.

_____
*Walter J. Gex III*
UNITED STATES SENIOR DISTRICT JUDGE